UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEON FREEMAN,<br>Plaintiff,<br>v.<br>TAMMY FOSS, et al.,<br>Defendants. | Case No. 19-cv-02594-HSG<br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br>Re: Dkt. No. 10 |

## INTRODUCTION

Plaintiff, an inmate at Kern Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events at Salinas Valley State Prison ("SVSP") where he was previously housed. The amended complaint, Dkt. No. 10, is now before the Court for review under 28 U.S.C. § 1915A.[1] Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be

---

[1] On July 16, 2019, the Court dismissed this action without prejudice for failure to comply with the Court's order to either pay the filing fee or file a complete *in forma pauperis* application. Dkt. No. 6. That same day, the Court entered judgment in favor of respondent. Dkt. No. 7. On December 26, 2019, the Court granted plaintiff's request to reopen this case, and vacated the order of dismissal and judgment. Dkt, No. 21.

granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Amended Complaint**

On November 29, 2018, as plaintiff was walking on the yard, he noticed that the yard was very quiet and that correctional officials, including named defendant Sergeant Bangar, were looking at him, indicating that they knew something was going to happen to plaintiff. However, none of the correctional officials took any action to protect plaintiff. Soon thereafter, plaintiff was attacked by multiple inmates, resulting in a cut on his nose and a swollen area on his upper right eye. Although it would only take seconds for the correctional officials to run over and stop the attack, the correctional officials allowed the attack to last for almost a minute. Once the attack stopped, named defendant Officer Saglado told one of the investigative services unit officials "I seen it," which indicates that the co-defendants had seen the attack. Dkt. No. 10 at 5, 15-21. Plaintiff alleges that named defendant SVSP Warden Tammy Foss was also directly responsible for the attack because she created an unsafe environment by failing to place cameras on the yard,

2

to walk around the yard, to constantly train her officers, and to reprimand officers who were accused of misconduct. Plaintiff alleges that Defendant Foss knew or should have known that her failure to do the above would result in her subordinates committing constitutional violations. *Id*. at 16-17. Plaintiff alleges that defendants' actions constituted a failure to protect, deliberate indifference to inmate safety, and cruel and unusual punishment, all in violation of the Eighth Amendment.

The amended complaint will be DISMISSED with leave to amend. Plaintiff's allegations are too conclusory to state cognizable Section 1983 claims. Plaintiff must present factual allegations that link each defendant to the constitutional violation. In this context, plaintiff must proffer more than speculation and conclusory statements indicating that each individual defendant was aware that plaintiff would be attacked that day and failed to prevent the attack. The current allegations – the yard was quiet and correctional officials were looking at him – do not raise a right to relief about a speculative level.

## CONCLUSION

For the foregoing reasons, the Court orders as follows. The amended complaint is dismissed with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file a second amended complaint. The second amended complaint must include the caption and civil case number used in this order, Case No. C 19-02594 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. In his second amended complaint, Plaintiff must specifically identify what each named defendant did or did not do with regard to each separate claim. Sweeping conclusory allegations will not suffice.

**Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 1/21/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge