UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAVON LEON FREEMAN,

Plaintiff,

v.

TAMMY FOSS, et al.,

Defendants.

Case No. 19-cv-02594-HSG

**ORDER OF SERVICE**

# INTRODUCTION

Plaintiff, an inmate at Corcoran State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events at Salinas Valley State Prison ("SVSP") where he was previously housed. The second amended complaint, Dkt. No. 24, is now before the Court for review under 28 U.S.C. § 1915A.

# DISCUSSION

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Second Amended Complaint**

According to the second amended complaint, starting in mid-August 2018, defendants Paicio, Sandquist, Banger, Cervantes, and Salgado, along with some John Doe correctional officers, began to verbally harass him, disparagingly referring to his former EOP status and warning him against talking to correctional officer Gonzalez. Defendants also made veiled threats of assault, such as laughing and saying, "Round One" when he got into a fight with two other inmates or telling him to "buckle up his chin;" as well as direct threats of assault, telling him that they were going to get him or beat his ass. On two occasions, after suffering such harassment or threats, plaintiff sent CDCR Form 22s to Warden Foss, informing her of the harassment or threats and stating that he was worried that he would be assaulted. The three and a half months of harassment culminated in plaintiff being attacked on the yard on November 29, 2018 by numerous inmates, resulting in plaintiff suffering a cut on his nose and swelling on his upper right eye. Soon after the attack, plaintiff heard defendant Salgado tell an investigative services unit officer, "We watched everything, I seen it all, it was good too." Plaintiff further alleges that Warden Foss was aware that, in the months leading up to the November 2018 incident, the majority of the correctional officers on C-Yard, where the incident took place, had been the subjects of lawsuits and inmate grievances and there had been at least six murders and three attempted murders on C-

2

1  Yard. Yet Warden Foss did not retrain the C-Yard officers or put cameras on C-Facility.

2  The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005). The Court finds that, liberally construed, the second amended complaint states a cognizable Eighth Amendment failure-to-protect claim against all defendants.

The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642. Accordingly, the Doe defendants are DISMISSED from this action without prejudice. Should plaintiff learn the identity of these Doe defendants through discovery, he may move to file a third amended complaint to add them as named defendants.

## CONCLUSION

1.  The Court finds that the second amended complaint states a cognizable Eighth Amendment failure-to-protect claim against defendants Paicio, Sandquist, Banger, Cervantes, Salgado, and Foss. The Doe defendants are DISMISSED from this action without prejudice to plaintiff seeking leave to file a third amended complaint to add them as named defendants once he

3

identifies them.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint with all attachments thereto (Dkt. NO. 24), and a copy of this order upon defendants SVSP Warden Foss, and SVSP correctional officers Paicio, Sandquist, Banger, Cervantes and Salgado at Salinas Valley State Prison, 31265 Highway 101, Soledad CA 93960. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must

do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

5

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 3/9/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge