UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEON FREEMAN,<br>   Plaintiff,<br>v.<br>TAMMY FOSS, et al.,<br>   Defendants. | Case No. 19-cv-02594-HSG<br><br>**ORDER DENYING REQUEST FOR ENTRY OF DEFAULT**<br><br>Re: Dkt. No. 32 |

Plaintiff, an inmate at Corcoran State Prison,[1] filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, regarding events that happened at Salinas Valley State Prison ("SVSP") where he was previously housed. Plaintiff requests that the Court enter default and issue judgment against defendants. Dkt. No. 32. The request is DENIED for the reasons set forth below.

**DISCUSSION**

**I.    Background**

On December 26, 2019, the Court reopened this action and stated that it would screen the amended complaint in a separate order. Dkt. No. 21. This December 26, 2019 order was served only on plaintiff because as of that date, the Court had not yet determined whether the amended complaint stated any cognizable claims against the named defendants and no defendants had been served. Dkt. No. 21 at 2. On January 21, 2020, the Court dismissed the amended complaint with leave to amend. Dkt. No. 23. On February 14, 2020, plaintiff filed a second amended complaint. Dkt. No. 24. On March 9, 2020, the Court screened the second amended complaint and found that

---

[1] Plaintiff should file a notice of change of address with the Court to update the docket as to his current mailing address. The address currently listed on the docket is Kern Valley State Prison, G-36842 B#102L, PO Box 5102, Delano CA 93216, but according to plaintiff's recent pleadings, he is now housed at Corcoran State Prison, *see, e.g.*, Dkt. Nos. 24, 29, 32.

1  it stated cognizable claims against defendants Paicio, Sandquist, Banger, Cervantes, Salgado and
2  Foss, and ordered service upon them. Dkt. No. 25. On April 7, 2020, defendants Sandquist,
3  Banger, Cervantes, Salgado, and Foss filed a waiver of reply. Dkt. No. 30. On April 8, 2020,
4  defendants Sandquist, Banger, Cervantes, Salgado, and Foss filed a motion to dismiss pursuant to
5  Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies. Dkt. No. 31. There is no
6  indication in the record that defendant Paicio has been served and he has not yet appeared in this
7  action.

**II.   Analysis**

Plaintiff argues that he is entitled to entry of default and of default judgment against defendants because defendants were required to file an answer and not a waiver of reply, and because defendants' waiver of reply, if allowed, is untimely because defendants had thirty days from the Court's December 26, 2019 Order to file their waiver of reply or answer.

Fed. R. Civ. P. 12(a)(1)(A)(i) provides that a defendant must serve an answer within twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Fed. R. Civ. P. 55(a) provides that

> [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). After entry of default, the Court may entertain a request for entry of default judgment pursuant to Fed. R. Civ. P. 55(b). This action is governed by the Prison Reform Litigation Act ("PRLA"), which sets forth exceptions to the default judgment provisions for suits filed pursuant to 42 U.S.C. § 1983. Among other provisions, the PRLA provides that

> [a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

42 U.S.C. § 1997e(g)(1). 42 U.S.C. § 1997(e)(g)(2) allows a court to require a defendant to reply to a complaint. 42 U.S.C. § 1997e(g)(2). Here, the Court did not require defendants to file an answer in its March 9, 2020 order of service. *See* Dkt. No. 25.

The Court DENIES the request for entry of default and of default judgment with respect to defendants Sandquist, Banger, Cervantes, Salgado, and Foss because they properly exercised their right under 42 U.S.C. § 1997e(g)(1) to file a waiver of reply in lieu of an answer. 42 U.S.C. § 1997e(g)(1). Moreover, defendants Sandquist, Banger, Cervantes, Salgado, and Foss have indicated an intent to defend by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 31. The Court also DENIES the request for entry of default and of default judgment with respect to defendant Paicio because plaintiff has not established that defendant Paicio has been served. Until defendant Paicio is served, he has no obligation to answer or defend against the second amended complaint. Fed. R. Civ. P. 12(a)(1)(A)(i).

## CONCLUSION

For the reasons set forth above, the Court DENIES plaintiff's request that the Court enter default and issue judgment against defendants.

This order terminates Dkt. No. 32.

**IT IS SO ORDERED.**

Dated: 4/29/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge