UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAVON LEON FREEMAN,

           Plaintiff,

      v.

TAMMY FOSS, et al.,

           Defendants.

Case No. 19-cv-02594-HSG

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT; DENYING DEFNEDANTS' MOTION TO DISMISS; DIRECTIONS TO DEFENDANTS; REQUIRING PLAINTIFF TO EFFECT SERVICE ON DEFENDANT PAICIO**

Re: Dkt. Nos. 31, 36, 38

Plaintiff, an inmate at Kern Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, regarding events that happened at Salinas Valley State Prison ("SVSP") where he was previously housed. This order addresses the pending motions.

## DISCUSSION

### I.    Defendants Sandquist, Banger, Cervantes, Salgado, and Foss's Motion to Dismiss

Defendants Sandquist, Banger, Cervantes, Salgado, and Foss (collectively, "Defendants") have filed a motion to dismiss for failure to exhaust administrative remedies, arguing that it is clear from the face of the second amended complaint that plaintiff has not exhausted administrative remedies. Dkt. No. 31. Plaintiff has filed an opposition, Dkt. No. 33; and Defendants have filed a reply, Dkt. No. 34.[1]

---

[1] Plaintiff also filed additional responses to the motion to dismiss at Dkt. No. 37 and Dkt. No. 38 at 1-15. Per Northern District Local Rule 7-3(d), once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval except where new evidence was submitted in the reply or a new judicial opinion was published after the date the opposition or reply was filed. N.D. Cal. L.R. 7-3(d). There was no new evidence presented in the reply and plaintiff did not present the Court with a newly-published relevant judicial opinion. Accordingly, plaintiff's additional papers opposing the motion to dismiss required Court permission prior to filing and will not be considered in deciding the motion to dismiss. Furthermore, plaintiff's

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.     PLRA's Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") sets forth the following exhaustion requirement: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Failure to exhaust may be excused where the administrative remedies have been rendered "unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 822–23 (9th Cir. 2010).

Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007).  Prisoners are not required to plead or demonstrate exhaustion in their complaints.  *Id.* at 215-17.  "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  Otherwise, the defendants must produce evidence proving the failure to exhaust and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows that he failed to exhaust.  *Id.*

### B.     Analysis

Defendants argue that this action must be dismissed because it is clear from the face of the second amended complaint that plaintiff did not exhaust his administrative remedies.  Plaintiff does not dispute that he did not exhaust his administrative remedies.  But he argues that the exhaustion requirement is excused because he sufficiently established imminent danger when he alleged that he was continuously threatened and harassed for being overly familiar with correctional officials and for his EOP status.  *See* Dkt. No. 33.  Defendants correctly argue that the "imminent danger" exception only applies to the PLRA's three-strikes provision and not to the

---

primary argument in his additional papers is that administrative remedies were effectively unavailable to him because prison officials refused to process a grievance he filed in or around January or February 2019 regarding the claim in this action, and instead responded with a CDCR Form 695 asking why the grievance was untimely.  Dkt. No. 37.  Because this argument involves matters outside of the pleadings, the Court cannot address this argument at the motion to dismiss stage.  *See* Fed. R. Civ. P. 12(d).

1   PLRA's exhaustion requirement. *See* Dkt. No. 31. There is no "imminent danger" exception to

2   the PLRA's exhaustion requirement.[2]  However, plaintiff's allegation that he was in imminent

3   danger of assault must be liberally construed as an allegation that administrative remedies were

4   unavailable to him. Dkt. No. 24. (Second Amended Complaint) at 1, 8.  This case is therefore not

5   the "rare event" where failure to exhaust is clear on the face of the complaint. *Albino*, 747 F.3d at

6   1169.  Plaintiff was not required to allege all facts relevant to his exhaustion attempts on the face

7   of his second amended complaint.  The Court cannot rule out the possibility that administrative

8   remedies were "effectively unavailable" to plaintiff based on the second amended complaint

9   alone.  The Court therefore DENIES the motion to dismiss without prejudice to renewing as a

10  motion for summary judgment.  Dkt. No. 31.

11  **II.      Plaintiff's Eligibility to Proceed *In Forma Pauperis***

12         Defendants have informed the Court that, recently, in the Eastern District of California,

13  plaintiff was found ineligible to proceed *in forma pauperis* because he had three strikes within the

14  meaning of 28 U.S.C. § 1915(g).  Dkt. No. 31 at 5 n.2 (citing *Freeman v. Kernan*, C No. 2:17-CV-

15  02233-TLN-AC, 2019 WL 4166800, at *1 (E.D. Cal. Sept. 3, 2019), *reconsideration denied*, C

16  No. 2:17-CV-02233-TLN-AC, 2020 WL 564786 (E.D. Cal. Feb. 5, 2020)).  The three-strikes

17  provision of the PLRA is set forth in 28 U.S.C. § 1915(g), which provides that a prisoner may not

18  proceed *in forma pauperis* if he has, on three or more prior occasions, while incarcerated or

19  detained in any facility, brought an action or appeal in a court of the United States that was

20  dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which

21  relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  28

22  U.S.C. § 1915(g).  Plaintiff's eligibility to proceed *in forma pauperis* is a threshold issue that the

23  Court must address before proceeding to the merits of this action.  Accordingly, within **twenty-**

24  **eight (28) days** of the date of this order, defendants must file a motion seeking revocation of

25

26  _____

27  [2] None of the cases cited by plaintiff in his opposition find or apply an imminent danger exception to the PLRA's exhaustion requirement.  The majority of the cases cited by plaintiff discuss the applicability of the imminent danger exception to the PLRA's three-strikes provision, with the remaining cases discussing what renders an administrative remedy unavailable.  *See generally*

28  Dkt. No. 33.

1  plaintiff's *in forma pauperis* status.  Plaintiff's opposition to the motion must be filed with the

2  Court and served upon defendants no later than 28 days from the date the motion is filed.

3  Defendants shall file a reply brief no later than 14 days after the date the opposition is filed.  The

4  motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on

5  the motion.

6  **III.     Plaintiff's Motion for Summary Judgment**

7         Plaintiff has filed a motion for summary judgment.  Dkt. No. 38.  The Court DENIES this

8  motion without prejudice to re-filing after the Court determines whether plaintiff is eligible to

9  proceed *in forma pauperis* or after plaintiff has paid the filing fee, if necessary.

10  **IV.     Plaintiff's Renewed Motion for Default Judgment**

11         On April 16, 2020, plaintiff requested that the Court enter default and issue judgment

12  against defendants.  Dkt. No. 32.  The Court denied this request in a reasoned order issued on

13  April 29, 2020.  Dkt. No. 35.  Plaintiff has filed another motion requesting default judgment, on

14  the same grounds set forth in his original motion, namely that defendants failed to reply to his

15  complaint as required by Fed. R. Civ. P. 12.  Dkt. No. 36.  The Court construes this motion as a

16  request for leave to file a motion for reconsideration of the Court's April 29, 2020 order.[3]  For the

17  reasons set forth below, the Court DENIES plaintiff's request for leave to file a motion for

18  reconsideration.

19         Pursuant to Local Rule 7-9(b), a party seeking reconsideration must specifically show:

20  (1) that at the time of the motion for leave, a material difference in fact or law exists from that

21  which was presented to the court before entry of the interlocutory order for which the

22  reconsideration is sought, and that in the exercise of reasonable diligence the party applying for

23  reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the

24  emergence of new material facts or a change of law occurring after the time of such order; or (3) a

25  manifest failure by the court to consider material facts which were presented to the court before

26  such interlocutory order.  *See* N.D. Cal. L.R. 7-9(b).  Plaintiff has not shown that any of these

27

28  [3] Pursuant to Local Rule 7-9, before the entry of judgment, parties must obtain leave of court to
file a motion for reconsideration.  N.D. Cal. L. R. 7-9.

4

United States District Court
Northern District of California

1    three circumstances exist.

2         Plaintiff argues that defendants did not respond within the meaning of Fed. R. Civ. P. 12

3    because they filed a waiver of reply and a jury demand rather than an answer, and that even if the

4    waiver of reply and jury demand can be considered an answer within the meaning of Fed. R. Civ.

5    P. 12, it was "illegal" because it was served twenty-nine days after the Court's March 9, 2020

6    Order of Service.  Plaintiff is incorrect that defendants did not file a proper answer and are

7    therefore in default.

8         First, as explained in the Court's prior order denying default judgment, 42 U.S.C.

9    § 1997e(g)(1) allows defendants to file a waiver of reply in lieu of an answer.  42 U.S.C.

10   § 1997e(g)(1).  A waiver of reply pursuant to 42 U.S.C. § 1997e(g)(1) in lieu of an answer

11   complies with Fed. R. Civ. P. 12(a)(1)(A)(i).

12        Second, no default can be entered if the defendant has filed a response indicating his intent

13   to defend the action.  *See Direct Mail Specialists v. Eclat*, 840 F.2d 685, 689 (9th Cir. 1988).

14   Since defendants Banger, Cervantes, Foss, Salgado, and Sandquist have appeared in this action

15   and clearly indicated their intent to defend this action, a default judgment is not appropriate.  *See*

16   *id.* ("because judgments by default are disfavored, a court usually will try to find that there has

17   been an appearance by defendant.") (internal quotations omitted); *see also Eitel v. McCool*, 782

18   F.2d 1470, 1472 (9th Cir. 1986) ("[T]he general rule disfavors default judgments. Cases should be

19   decided upon their merits whenever reasonably possible.").

20        Third, Fed. R. Civ. P. 12(a)(1)(A)(i) requires a defendant to serve an answer within

21   twenty-one days after being served with the summons and complaint.  Fed. R. Civ. P.

22   12(a)(1)(A)(i).  It is unclear from the record when defendants were served with the summons and

23   complaint.  The date the Court's order of service is filed is not necessarily the date that defendants

24   are served with that order of service.  According to the summons, the acknowledgment of receipt

25   of summons and complaint was executed by the California Attorney General's Office on behalf of

26   defendants Banger, Cervantes, Foss, Salgado, and Sandquist on May 18, 2020.  The summons and

27   complaint were received earlier than May 18, 2020, as the waiver of reply and jury demand were

28   filed on April 7, 2020.  However, there is nothing in the record that indicates that the waiver of

United States District Court
Northern District of California

5

1    reply was untimely filed, i.e. that service was effected prior to March 17, 2020 (twenty-nine days

2    prior to April 7, 2020).

3        Finally, where a clerk of court has not entered default against a defendant, a motion for

4    default judgment against that defendant is improper. *Ardalan v. McHugh*, No. 13-CV-01138-

5    LHK, 2013 WL 6212710, at \*23 (N.D. Cal. Nov. 27, 2013); *see also Norman v. Small*, No.

6    09CV2235 WQH NLS, 2010 WL 5173683, at \*2 (S.D. Cal. Dec. 14, 2010) (denying default

7    judgment because clerk had not entered default). The Clerk has not entered default as to

8    defendants Sandquist, Banger, Cervantes, Salgado, and Foss. Plaintiff's motion for default

9    judgment is therefore improper. *See Ardalan*, 2013 WL 6212710, at \*23.

10   **V.     Defendant Paicio**

11        On May 28, 2020, the United States Marshal filed an unexecuted service of summons for

12   defendant Paicio, stating that the California Department of Corrections and Rehabilitation has

13   been unable to locate an employee with that name. Dkt. No. 41.

14        A plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by

15   the Marshal, but such plaintiff "may not remain silent and do nothing to effectuate such service;"

16   rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and

17   attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828

18   F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over

19   90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

20        Plaintiff has not provided sufficient information to allow the Marshal to locate and serve

21   defendant Paicio, and the amended complaint was filed on February 14, 2020. Consequently,

22   plaintiff must remedy the situation or face dismissal of defendant Paicio without prejudice. *See*

23   *Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) (holding prisoner failed to show cause

24   why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had

25   provided Marshal with sufficient information to effectuate service).

26        Accordingly, within twenty-eight (28) days of this order**,** plaintiff must effect service on

27   defendant Paicio, or submit to the Court sufficient information to identify and locate defendant

28   Paicio such that the Marshal is able to effect service. **Failure to comply with the deadline set**

1  **forth in this order will result in dismissal of defendant Paicio without prejudice pursuant to**

2  **Rule 4(m) of the Federal Rules of Civil Procedure.**

3  **CONCLUSION**

4  For the reasons set forth above, the Court orders as follows.

5  1.  The Court DENIES plaintiff leave to file a motion for reconsideration of the

6  Court's April 29, 2020 Order Denying Request for Entry of Default.  Dkt. No. 36.

7  2.  The Court DENIES defendants' motion to dismiss without prejudice to renewing as

8  a motion for summary judgment.  Dkt. No. 31.

9  3.  The Court DENIES plaintiff's motion for summary judgment without prejudice to

10  re-filing after the Court determines whether plaintiff is eligible to proceed *in forma pauperis* or

11  after plaintiff has paid the filing fee, if necessary.  Dkt. No. 38.

12  4.  Within **twenty-eight (28) days** of the date of this order, defendants shall file a

13  motion seeking revocation of plaintiff's *in forma pauperis* status.  Plaintiff's opposition to the

14  motion must be filed with the Court and served upon defendants no later than 28 days from the

15  date the motion is filed.  Defendants shall file a reply brief no later than 14 days after the date the

16  opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

17  hearing will be held on the motion.

18  5.  Within twenty-eight (28) days of this order**,** plaintiff must effect service on

19  defendant Paicio, or submit to the Court sufficient information to identify and locate defendant

20  Paicio such that the Marshal is able to effect service.  **Failure to comply with the deadline set**

21  **forth in this order will result in dismissal of defendant Paicio without prejudice pursuant to**

22  **Rule 4(m) of the Federal Rules of Civil Procedure.**

23  This order terminates Dkt. Nos. 31, 36, 38.

24  **IT IS SO ORDERED.**

25  Dated:  10/26/2020

26

27  HAYWOOD S. GILLIAM, JR.
   United States District Judge

28

United States District Court
Northern District of California