UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEON FREEMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TAMMY FOSS, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-02594-HSG<br><br>**ORDER GRANTING MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS; DENYING REQUEST TO DISMISS SECOND AMENDED COMPLAINT; DISMISSING DEFENDANT PAICIO; ORDERING PLAINTIFF TO PAY FILING FEE IN FULL**<br><br>Re: Dkt. No. 45 |

Plaintiff, an inmate at Kern Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, regarding events that happened at Salinas Valley State Prison ("SVSP") where he was previously housed. Now pending before the Court is Defendants' motion to revoke Plaintiff's *in forma pauperis* status and dismiss the second amended complaint. Dkt. No. 45. Plaintiff has filed an opposition, and Defendants have filed a reply. Dkt. Nos. 46, 47.[1] For the reasons set forth below, the Court GRANTS the motion to revoke Plaintiff's *in forma pauperis* status; DENIES the request to dismiss the second amended complaint; DISMISSES defendant Paicio from this action; and ORDERS Plaintiff to pay the filing fee in full.

---

[1] Plaintiff has also filed a surreply (a response to Defendants' reply). Dkt. No. 48. Plaintiff did not obtain the required Court approval prior to filing his surreply. Pursuant to N.D. Cal. Local Rule 7-3(d), once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except if new evidence has been submitted in the reply or if a relevant judicial opinion was published after the date the opposition or reply was filed. Here, no new evidence was submitted in the reply, and Plaintiff was not submitting notice of a relevant judicial opinion in his surreply. Accordingly, the Court does not consider the surreply in deciding this motion. The Court has, however, reviewed the surreply, and notes that the arguments made in the surreply either repeat arguments made in Plaintiff's opposition or misstate the applicable law.

**BACKGROUND**

Plaintiff commenced this action by filing a complaint that was docketed on May 14, 2019. Dkt. No. 1. At that time, Plaintiff was housed at Kern Valley State Prison ("KVSP"). Dkt. No 1 at 1. The complaint alleged that, on November 29, 2018, while housed at SVSP, SVSP correctional officials were deliberately indifferent to his safety, allowing other inmates to brutally attack him. Dkt. No. 1 at 3-4.

On July 16, 2019, this action was dismissed because Plaintiff had failed to either pay the filing fee or file a complete *in forma pauperis* application. Dkt. Nos. 6, 7. On August 30, 2019, Plaintiff filed an amended complaint. ECF No. 10. On December 26, 2019, the Court reopened this action, and vacated the order of dismissal and judgment. Dkt. No. 21. On January 13, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis*. Dkt. No. 22. On January 21, 2020, the Court dismissed the amended complaint with leave to amend because the allegations were too conclusory to state cognizable Section 1983 claim. Dkt. No. 23. On February 14, 2020, while housed at Corcoran State Prison, Plaintiff filed a second amended complaint. Dkt. No. 24.

On March 9, 2020, the Court found that the second amended complaint stated a cognizable Eighth Amendment failure-to-protect claim against defendants Paicio, Sandquist, Banger, Cervantes, Salgado, and Foss, and ordered service on these defendants. Dkt. No. 25.

**DISCUSSION**

**I.     Motion to Revoke *In Forma Pauperis* Status and Dismiss Second Amended Complaint**

    **A.     Legal Standard**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit

gives this guidance: The phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* at 1121. A district court is not required to announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal to later count as a strike. *See Andrews*, 398 F.3d at 1119 n.8.

In determining whether a prior dismissal counts as a strike, the Court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) (internal quotations marks and citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim. *Id.* at 674. A dismissal based solely on a finding that the plaintiff previously incurred at least three strikes, without any additional finding that the action is itself frivolous, malicious or fails to state a claim, does not count as an additional strike under § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016).

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *See Andrews II*, 493 F.3d 1047 at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect § 1915(g) analysis). The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of

3

filing." *Id*.

**B.     Plaintiff's Strikes**

In *Freeman v. Kernan*, No. 2:17-CV-02233-TLN-AC, 2019 WL 4166800 (E.D. Cal. Sept. 3, 2019), *reconsideration denied*, No. 2:17-CV-02233-TLN-AC, 2020 WL 564786 (E.D. Cal. Feb. 5, 2020) ("*Kernan*"), the Eastern District found that Plaintiff had previously brought three suits that could be counted as strikes under 28 U.S.C. § 1915(g) and denied him leave to proceed *in forma pauperis*. The three cases identified in *Kernan* were: (1) *Freeman v. Adams*, C No. 1:09-cv-2129 SKO (E.D. Cal.) ("*Adams*"); (2) *Freeman v. Hynse*, C. No. 1:09-cv-2146 GBC (E.D. Cal.) ("*Hynse*"); and (3) *Freeman v. Julious*, C. No. 1:09-cv-2245 DLB (E.D. Cal.) ("*Julious*"). The Court has reviewed these three cases and agrees that the dismissals counted as strikes pursuant to Section 1915(g).

In *Adams*, the court dismissed the complaint with leave to amend for failure to state a claim because the complaint failed to state either a cognizable excessive force claim or a cognizable conditions of confinement claim, and because the complaint was devoid of facts supporting a claim against the supervisory defendants. *Adams*, Dkt. No. 11 (filed Feb. 9, 2011). On April 18, 2011, *Adams* was dismissed for failure to state a claim after Plaintiff failed to file an amended complaint. *Adams*, Dkt. Nos. 13, 14 (filed Apr. 18, 2011).

In *Hynse*, the court dismissed the complaint with leave to amend for failure to state a claim because the complaint failed to allege any facts that demonstrated that the course of treatment chosen by his doctors was medically unacceptable and chosen in conscious disregard of excessive risk to his health; failed to link each named defendant with some affirmative act or omission that demonstrated a violation of his federal rights; and violated Rules 8 and 20(a) of the Federal Rules of Civil Procedure. *Hynse*, Dkt. No. 11 (filed Dec. 8, 2011). On January 13, 2012, *Hynse* was dismissed for failure to state a claim after Plaintiff failed to file an amended complaint. *Hynse*, Dkt. No. 13 (filed Jan. 13, 2012).

In *Julious*, the court dismissed the initial complaint for failure to state a claim, and then dismissed the amended complaint without leave to amend for failure to state a claim, finding that Plaintiff would be unable to plead additional facts that could cure the identified deficiencies. *Julious*, Dkt. No. 8 (filed Oct. 21, 2010); Dkt. No. 10 (filed May 6, 2011). The court specified

4

that the dismissal counted as a strike pursuant to Section 1915(g). *Julious*, Dkt. No. 10 (filed May 6, 2011).

*Adams*, *Hynse*, and *Julious* were dismissed by magistrate judges for failure to state a claim upon which relief may be granted. In these cases, only Plaintiff had consented to proceed before the magistrate judge and the cases were dismissed before service of process on any defendant. The Ninth Circuit has recently held that, although there is no longer a "dispute that a magistrate judge lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge," a prisoner plaintiff "cannot escape" the 28 U.S.C. § 1915(g) consequences of such a dismissal "through an untimely collateral attack." *Hoffman v. Pulido*, 928 F.3d 1147, 1149 (9th Cir. 2019) (citing *Williams v. King*, 875 F.3d 500, 504-05 (9th Cir. 2017)). The dismissals of *Adams*, *Hynse*, and *Julious* constitute strikes under 28 U.S.C. § 1915(g), and are no longer pending. Thus, a challenge to the three strikes consequence of each dismissal is precluded by *Hoffman*.

### C. Applicability of Imminent Danger Exception

Defendants argue that *Adams*, *Hynse*, and *Julious* are strikes within the meaning of Section 1915(g) and that the imminent danger exception does not apply because at the time the operative complaint (the second amended complaint) was filed, he was housed at Corcoran State Prison, where none of the Defendants are employed. Dkt. No. 45.

Plaintiff does not dispute that *Adams*, *Hynse*, and *Julious* are strikes within the meaning of Section 1915(g). Rather, he opposes Defendants' motion on the grounds that, according to its plain language, Section 1915(g) does not require that the prisoner be under imminent danger of serious physical injury at the time of the filing the complaint; an inmate's transfer away from the prison where he faced imminent danger does not prevent him from suing regarding past constitutional violations; the Ninth Circuit has not issued a definitive opinion regarding whether imminent danger is assessed at the time of the filing of the initial complaint or the filing of the operative complaint; and this Court has found that Plaintiff stated a cognizable failure-to-protect claim. Dkt. No. 46.

Plaintiff was housed at Kern Valley State Prison when he commenced this action. *See* Dkt.

No. 1 at 1; Dkt. No. 1-1. The initial complaint, filed on May 14, 2019, alleges that Defendants, all SVSP officials, failed to protect him from danger on November 29, 2018. In other words, the complaint alleged unsafe conditions at Plaintiff's prior place of confinement, six months prior. The initial complaint makes no allegation that, at the time of filing, Plaintiff was in imminent danger of serious physical injury. Accordingly, Plaintiff does not qualify for the imminent danger exception to Section 1915(g). Because there was no imminent danger at the time this action was commenced, the Court declines to address whether imminent danger should be assessed at the time the action is filed or at the time the operative complaint is filed.

Plaintiff's arguments misread Section 1915(g). Plaintiff is incorrect that Section 1915(g) does not specify that imminent danger is to be assessed at the time the complaint is filed. In relevant part, Section 1915(g) states: "In no event shall a prisoner *bring* a civil action under this section [authorizing *in forma pauperis* proceedings] . . . unless the prisoner *is* under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added). As the Ninth Circuit has recognized, "[t]he [imminent danger] exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint." *Andrews II*, 493 F.3d at 1053. Plaintiff is correct that an inmate's transfer away from the prison where he faced imminent danger does not prevent him from suing regarding past constitutional violations and that the Court has found that he has stated legally cognizable claims. However, Section 1915(g) is not concerned with whether an inmate's claims are legally cognizable or with whether an inmate may bring suit. Section 1915(g) prevents an inmate from proceeding *in forma pauperis* in a Section 1983 action where he has suffered three "strikes" within the meaning of Section 1915(g), without regard to whether the claims are cognizable or meritorious. As long as an inmate pays the full filing fee (or is granted *in forma pauperis* status), the inmate may bring suit regarding claims of past constitutional violations at prior places of incarceration.

The Court finds that Plaintiff has three strikes within the meaning of Section 1915(g), and was not in imminent danger at the time he filed this action. Accordingly, the Court REVOKES Plaintiff's *in forma pauperis* status.

1    The Ninth Circuit has not specified how a district court should proceed following
2    revocation or denial of *in forma pauperis* status pursuant to Section 1915(g).  Defendants argue
3    that the correct procedure following revocation of *in forma pauperis* status is the dismissal of the
4    entire action without prejudice because the filing fee must be paid at the time the suit is initiated.
5    In support of this argument, Defendants cite to Ninth Circuit opinions issued in 1997 and 1999,
6    *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997), and *Rodriguez v. Cook*, 169 F.3d
7    1176, 1182 (9th Cir. 1999), and to out-of-circuit cases.  However, neither *Tierney* nor *Rodriguez*
8    specifies how a court should proceed after revoking or denying *in forma pauperis* status pursuant
9    to Section 1915(g).  In *Tierney*, the Ninth Circuit focused on whether certain dismissals counted as
10   strikes pursuant to Section 1915(g).  The district court had dismissed the action pursuant to
11   Section 1915(g) without prejudice to re-filing upon payment of the filing fees, but the Ninth
12   Circuit's affirmance affirmed the district court's finding that the dismissals counted as strikes
13   pursuant to Section 1915(g), and did not express any opinion as to the correct procedure following
14   revocation or denial of *in forma pauperis* status.  In *Rodriguez*, the Ninth Circuit found that the
15   prisoner plaintiff was ineligible for *in forma pauperis* status on appeal, and dismissed the appeal
16   without prejudice to re-filing upon payment of the filing fee.  However, *Rodriguez* focused on the
17   constitutionality of Section 1915(g) and did not opine as to the correct procedure following
18   revocation or denial of *in forma pauperis* status.  Since *Tierney* and *Rodriguez* were decided, the
19   Ninth Circuit has affirmed district court dismissals for failure to pay the filing fee after denying
20   applications to proceed *in forma pauperis* pursuant to Section 1915(g).  *See, e.g., Turner v. County*
21   *of San Diego*, 708 Fed. App'x 372, 372 (9th Cir. 2017).  Accordingly, the Court declines to
22   dismiss this action at this time.

23   Plaintiff may proceed with this action only if he pays the $400 filing and administrative fee
24   in full.  Plaintiff must pay the full filing fee within **twenty-eight (28) days** of the date of this
25   order.  If the full filing fee is not received by that date, the Court will dismiss this action without
26   prejudice to re-filing upon payment of the full filing fee.

27   **II.    Defendant Paicio**

28   On May 28, 2020, the United States Marshal filed an unexecuted service of summons for

7

defendant Paicio, stating that the California Department of Corrections and Rehabilitation was unable to locate an employee with that name.  Dkt. No. 41.

On October 26, 2020, the Court ordered Plaintiff to, by November 23, 2020, either provide a current address at which defendant Paicio could be served with process or, in the alternative, show cause why he had not provided the information needed to locate defendant Paicio and serve process on him.  Dkt. No. 44 at 6-7.  Plaintiff was cautioned that the failure to do so by the deadline provided would result in dismissal of defendant Paicio without prejudice.  *See id.*

The deadline to provide the information needed to locate defendant Paicio has passed, and Plaintiff has neither provided the information nor has he shown cause why he has not provided this information.  Accordingly, defendant Paicio is DISMISSED from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that if a defendant is not served within ninety (90) days after the complaint is filed, the court must dismiss the action without prejudice against that defendant.  Fed. R. Civ. P. 4(m).

## CONCLUSION

For the foregoing reasons, the Court orders as follows

1.  The Court GRANTS Defendants' motion to revoke Plaintiff's *in forma pauperis* status and DENIES Defendants' request to dismiss the second amended complaint.  Dkt. No. 45.  Plaintiff's *in forma pauperis* status is REVOKED.  Plaintiff may proceed with this action only if he pays the $400 filing and administrative fee in full.  Plaintiff must pay the full filing fee within twenty-eight (28) days of the date of this order.  If the full filing fee is not received by that date, the Court will dismiss this action without prejudice to Plaintiff re-filing upon payment of the full filing fee.

//

//

//

//

//

2. The Court DISMISSES Defendant Paicio from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

This order terminates Dkt. No. 45.

**IT IS SO ORDERED.**

Dated: 1/4/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge